SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNIE STUCKEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-0306 |
| | § | |
| JO ANNE B. BARNHART, | § | |
|    Commissioner, Social | § | |
|    Security Administration, | § | |
| | § | |
| Defendant. | § | |

**OPINION ON SUMMARY JUDGMENT**

Plaintiff Annie Stuckey filed this case under the Social Security Act, 42 U.S.C. § 405(g), for review of the final decision of the Commissioner denying her request for disability insurance benefits.[1] The parties have filed motions for summary judgment (Dkts. 20, 21). Having considered the parties' submissions, the administrative record, and applicable law, the court denies Stuckey's motion and grants the Commissioner's motion.

**I.     Background**

Stuckey filed an application for Title XVI benefits on March 27, 2002 claiming disability as of January 1, 2000 due to depression, back pain, glaucoma, neuropathy, diabetes, and hypertension. At the time of the hearing, Stuckey was 47 years old and weighed approximately 240 lbs. She has a ninth grade education and a sporadic work history, having earned no income at all for the years 1993, 1997, and 1998.

---

[1]     The parties have consented to the jurisdiction of this Magistrate Judge.

Her application was denied initially and on reconsideration. An administrative hearing was held on August 28, 2003. The ALJ found that Stuckey was not disabled within the meaning of the Act and had the residual functional capacity for sedentary work. The Appeals Council affirmed the ALJ's decision on November 19, 2004, making it the final decision of the agency subject to review by this court.

**II.     Analysis**

    **A.     Standard of Review**

Section 405(g) of the Social Security Act sets forth the standard of review in this case. The federal courts review the decision of the Commissioner to deny Social Security benefits to determine whether (1) the Commissioner applied the proper legal standard and (2) the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence is "more than a scintilla and less than a preponderance." *Masterson*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In order to qualify for disability benefits, a plaintiff must prove he has a disability, which is defined under the Social Security Act as the "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d at 271. The administrative law judge must follow a five-step sequential analysis to determine whether a plaintiff is in fact disabled:

1. Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.

3. Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.

4. Can claimant still perform his past relevant work? If so, the claimant is not disabled. If not, then the agency must assess the claimant's residual functional capacity.

5. Considering the claimant's residual functional capacity, age, education, and work experience, is there other work claimant can do? If so, claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. At step five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

**B.      The Commissioner's Decision and the Evidence of Record**

Stuckey argues that the ALJ erred by finding that her condition did not meet or exceed Listing 4.04B, by failing to give reasons why she did not meet that listing, and by failing to consider obesity in combination with her coronary artery disease.

Listing 4.04 provides in relevant part:

*Ischemic heart disease*, with chest discomfort associated with myocardial ischemia, as described in 4.00E3, while on a regimen of prescribed treatment (see 4.00A if there is no regimen of prescribed treatment). With one of the following:

B.      Impaired myocardial function, documented by evidence (as outlined under 4.99C3 or 4.00C4b) of hypokinetic, akinetic, or dyskinetic myocardial free wall or septal wall motion with left ventricular ejection fraction of 30 percent or less, and an evaluating program physician, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise testing would present a significant risk to the individual, and resulting in marked limitation of physical activity, as demonstrated by fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical activity, even though the individual is comfortable at rest;

20 C.F.R. Pt. 404, Subpt. P, App. 1.

A medical expert, Dr. Vern Lang, testified that Stuckey did not meet or equal Listing 4.04B because the record contained no exercise testing nor any information indicating that performance of exercising testing would present a significant risk to Stuckey. In addition, Lang testified that the record contained no evidence of marked limitation of physical activity. Lang noted that her progress reports indicated she tired after walking one block. He stated that such a limitation was not severe enough to constitute marked limitation of physical

4

activity. Lang further testified that while the record supports a finding that Stuckey had an ejection fraction of 30% or less, she appeared to be adapting well to the condition. The most recent treatment notes, Lang testified, indicated improvement with treatment and a focus on weight loss.[2]

Stuckey does not dispute Lang's assessment of her medical records, but emphasizes her medical history of prescribed heart treatment, chest pain. and an ejection fraction below 30%,[3] none of which was contradicted by Lang's testimony or the ALJ's decision.

The ALJ expressly relied upon the medical expert's testimony that Stuckey did not have any marked limits on physical efforts and his opinion that Stuckey's condition did not meet or equal one of the listed impairments in Part 404, Subpart P, Appendix 1.[4] The ALJ also found that Stuckey's own testimony of her limitations lacked credibility and were contradicted by the objective evidence in the record.

The ALJ noted that obesity is not a listed impairment, but he "considered what effect the claimant's obesity, by itself and in combination with other impairments, has on his/her ability to perform daily living and work activities."[5] Stuckey points to SSR 02-01P for the standard for consideration of obesity in combination with cardiovascular disease. That ruling

---

[2] Transcript of August 28, 2003 hearing, at 395-97.

[3] Plaintiff's motion for summary judgment, at 12.

[4] In contrast to *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986), relied upon by Stuckey, there is no dispute in this case that 4.04B is the relevant listing in this case. There are no other listings that Stuckey claims her condition meets and that the ALJ did not discuss.

[5] Record, at 24.

explains that "obesity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing." In this case, there is no evidence of record that indicates that her obesity exacerbated her heart condition in such a way as to meet Listing 4.04B. As noted, the medical expert found no evidence of a marked limitation on physical activity, whether attributed to obesity or heart disease. Absent such limitation, Listing 4.04B is not met.[6]

The court concludes that the ALJ's decision that Stuckey's impairments, alone or in combination, did not meet or equal Listing 4.04B is supported by substantial evidence in the record. There is no need to remand this case to the ALJ for further explanation of the reasons for his decision.[7]

## III. Conclusion

The Commissioner's decision is supported by substantial evidence in the record and is based on proper legal standards. It is therefore

ORDERED that plaintiff's motion for summary judgment (Dkt. 21) is denied. It is further

ORDERED that defendant's motion for summary judgment (Dkt. 21) is granted.

---

[6] The record also lacks evidence of an exercise test, or a reason why an exercise test was not performed, another requirement of Listing 4.04B.

[7] Stuckey states in conclusory fashion that the ALJ also erred in determining her residual functioning capacity at step 4, and in determining there were jobs in the economy she could perform at step 5. Stuckey offers no argument or authority on these points. The ALJ's decision on these points is supported sufficiently by the testimony of a vocational expert based on hypothetical questions that Stuckey does not contend were in any way deficient.

The court will issue a separate final judgment.

Signed at Houston, Texas, on May 1, 2006.

                                      Stephen Wm Smith
                                  United States Magistrate Judge